IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHAFARRAH CLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 19-0745-JB-MU |
| | ) | |
| ALAN COHEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed the instant case seeking recovery for damages which were allegedly caused by the named defendants. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S) for appropriate action. Because Plaintiff has failed to prosecute this action by not complying with the Court's Orders dated November 13, 2019 (Doc. 3) and January 2, 2020 (Doc. 5), it is recommended that this action be dismissed without prejudice.

On October 8, 2019, Plaintiff filed her complaint, *pro se* and *in forma pauperis*, against Defendants Alan Cohen, Daniel Moroney, Department of Homeland Security, Department of Federal Bureau of Investigation, and the National Security Agency, alleging that one, some, or all of them violated her First and Fourth Amendment rights. (Doc. 1). She alleges that Defendants Cohen and Moroney were friends of hers when she lived in Philadelphia, Pennsylvania, but that she ended her friendships with them on or around November 2, 2015. (Doc. 1 at p. 2). She indicates that her friendship with them led to her being

placed on a terrorist watch list. (*Id*.). She alleges that around that time she started being targeted by the Department of Homeland Security and that she was threatened, financially oppressed, unable to find or maintain employment, forced to move, harassed, surveilled, and intimidated. (*Id*.). She decided to return to Mobile, Alabama, her hometown, in May of 2017. She alleges that after moving, she was still being followed by some "source of authortie." (*Id*.). She alleges that she was constantly attacked, harassed, and surveilled at work and home. (*Id*. at p. 3). She moved into her aunt's house on January 2, 2018. (*Id*.). She claims that two months later, she started to experience electronic harassment and electromagnetic attack and torture in various ways, which she seems to attribute to targeting by the National Security Agency. (*Id*.). She further alleges that she was sexually assaulted on or about August 15, 2018, as part of her targeting, but does not identify her attacker. (*Id*.).

Because the Court's initial review of the complaint revealed that it was deficient in several respects, on November 13, 2019, Plaintiff was ordered to refile her complaint, in its entirety, to cure the deficiencies on or before December 9, 2019. (Doc. 3). The Court gave Plaintiff specific instructions on how to cure the deficiencies. (*See id.* at pp. 2-3). Plaintiff filed a notice of change of address on November 15, 2019. (Doc. 4). Because Plaintiff did not refile her complaint and because it was unclear whether Plaintiff received the November 13 Order, the Court re-mailed the original order to her new address on January 2, 2020, along with a separate order extending the deadline for filing her new complaint to February 3, 2020. Plaintiff was warned that failure to comply with the Court's

order on or before February 3, 2020 would result in a recommendation that her action be dismissed without prejudice for failure to prosecute and follow the Court's order. (Doc. 5 at p. 2). Plaintiff has failed to re-file her complaint.

While it is certainly questionable whether Plaintiff can assert a viable federal claim against the named defendants, the Court, taking into account her *pro se* status, allowed her an opportunity to set forth facts in support of her complaint and to clarify her claims against these defendants. Plaintiff did not do so. As the complaint currently stands, it does not set forth sufficient facts and/or claims, nor properly links the alleged claims to particular defendants, to meet even the liberal pleading standards accorded to *pro se* plaintiffs.

Because of the deficiencies in her complaint, her failure to comply with the Court's November and January orders, and her failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **2nd** day of **March, 2020**.

/s/ P. Bradley Murray
P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**